**JORDAN B. DEFLORA, ESQ.**
930 Sylvan Avenue, Suite 110
Englewood Cliffs, New Jersey 07632
Telephone: (201) 708-9921
Attorney for Defendant/Third Party Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.C.N. 133800969 PTY, LTD (a corporation organized under the laws of the Commonwealth of Australia)<br><br>    Plaintiff<br><br>vs.<br><br>KENNEDY FUNDING, INC. (a corporation organized under the laws of the State of New Jersey)<br><br>    Defendant/Third Party Plaintiff<br><br>vs.<br><br>JOHN GILLETT AND CRAIGCARE GROUP PTY, LTD<br><br>    Third Party Defendants | Civil Action No.: 2-14-cv-00107-SRC-CLW<br><br><br>**ANSWER, COUNTERCLAIM, AND THIRD PARTY COMPLAINT** |

Defendant/Third Party Plaintiff, Kennedy Funding, Inc. ("Defendant" or "Kennedy"),

with a place of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632,

by way of Answer to the Complaint of Plaintiff, A.C.N. 133800969 PTY, Ltd. ("Plaintiff" or "ACN"), hereby states as follows:

## JURISDICTION

1. The statement in paragraph one (1) 1 constitutes a statement of Plaintiff's motive, to which no response is required and to which no response is provided.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph two (2), and therefore deny the same.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph three (3), and therefore deny the same.

## FACTS COMMON TO ALL COUNTS OF COMPLAINT

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one (1), and therefore deny the same.

2. Defendant admits the allegations contained in paragraph two (2).

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph three (3), and therefore deny the same.

4. Defendant denies the allegations contained in paragraph four (4), except admits that it is in the business of commercial real estate lending.

5. Defendant denies the allegations contained in paragraph five (5), except admits that the website speaks for itself and provides the best evidence of its content.

6. Defendant denies the allegations contained in paragraph six (6), except admits that the website speaks for itself and provides the best evidence of its content.

7. Defendant denies the allegations contained in paragraph seven (7), except admits that the website speaks for itself and provides the best evidence of its content.

8. Defendant denies the allegations contained in paragraph eight (8), except admits that the website speaks for itself and provides the best evidence of its content.

9. Defendant denies the allegations contained in paragraph nine (9), except admits that the website speaks for itself and provides the best evidence of its content.

10. Defendant denies the allegations contained in paragraph ten (10), except admits the Defendant is experienced in the area of commercial real estate lending.

11. Defendant denies the allegations contained in paragraph eleven (11), except admits the Defendant is experienced in the area of commercial real estate lending.

12. Defendant denies the allegations contained in paragraph twelve (12), except admits that the website speaks for itself and provides the best evidence of its content.

13. Defendant denies the allegations contained in paragraph thirteen (13), except admits that the Plaintiff contacted the Defendant in an effort to obtain financing.

14. Defendant denies the allegations contained in paragraph fourteen (14), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

15. Defendant denies the allegations contained in paragraph fifteen (15), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

16. Defendant denies the allegations contained in paragraph sixteen (16), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

17. Defendant denies the allegations contained in paragraph seventeen (17), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

18. Defendant denies the allegations contained in paragraph eighteen (18), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

19. Defendant denies the allegations contained in paragraph nineteen (19), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

20. Defendant denies the allegations contained in paragraph twenty (20).

21. Defendant admits the allegations contained in paragraph twenty one (21).

22. Defendant denies the allegations contained in paragraph twenty two (22).

23. Defendant denies the allegations contained in paragraph twenty three (23).

24. Defendant denies the allegations contained in paragraph twenty four (24).

25. Defendant denies the allegations contained in paragraph twenty five (25).

26. Defendant denies the allegations contained in paragraph twenty six (26).

27. Defendant denies the allegations contained in paragraph twenty seven (27), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

28. Defendant denies the allegations contained in paragraph twenty eight (28), except admits that the email of May 6, 2011 is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

29. Defendant denies the allegations contained in paragraph twenty nine (29), except admits that the email of May 6, 2011 is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph thirty (30), and therefore deny the same.

31. Defendant denies the allegations contained in paragraph thirty one (31), except admits that the loan did not close.

**COUNT ONE**
**(Breach of Contract)**

32. Defendant admits and denies the allegations in paragraph thirty two (32) as have been admitted and denied above.

33. Defendant denies the allegations contained in paragraph thirty three (33), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

34. Defendant denies the allegations contained in paragraph thirty four (34), except admits that Plaintiff paid the Defendant $200,000.00 in accordance with the terms of the Loan Commitment.

35. Defendant denies the allegations contained in paragraph thirty five (35).

36. Defendant denies the allegations contained in paragraph thirty six (36).

37. Defendant denies the allegations contained in paragraph thirty seven (37), except admits that Plaintiff requested a refund of the paid portion of the commitment fee.

38. Defendant admits the allegations contained in paragraph thirty eight (38).

39. Defendant denies the allegations contained in paragraph thirty nine (39).

40. Defendant denies the allegations contained in paragraph forty (40).

**WHEREFORE,** Defendant demands judgment dismissing Count One of Plaintiff's Complaint, together with costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT TWO
### (Unjust Enrichment)

41. Defendant admits and denies the allegations in paragraph forty one (41) as have been admitted and denied above.

42. Defendant denies the allegations contained in paragraph forty two (42).

43. Defendant denies the allegations contained in paragraph forty three (43).

44. Defendant denies the allegations contained in paragraph forty four (44), except admits that Plaintiff paid $200,000.00 to Defendant in accordance with the terms of the Loan Commitment.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty five (45), and therefore deny the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph forty six (46), and therefore deny the same.

47. Defendant denies the allegations contained in paragraph forty seven (47).

48. Defendant denies the allegations contained in paragraph forty eight (48), except admits that the Loan Commitment is a document the terms and conditions of which speak for itself and provide the best evidence of its content.

49. Defendant denies the allegations contained in paragraph forty nine (49).

50. Defendant denies the allegations contained in paragraph fifty (50).

**WHEREFORE,** Defendant demands judgment dismissing Count Two of Plaintiff's

Complaint, together with costs of suit and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's demand for a jury is barred under the doctrine of waiver.

## COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendant/Third Party Plaintiff, Kennedy Funding, Inc. ("Defendant" or "Kennedy"), with its principal place of business located at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632, by way of counterclaim against Plaintiff, A.C.N. 133800969 PTY Ltd. ("Plaintiff" or "ACN"), and Third Party Defendants, John Gillett ("Gillett") and Craigcare Group Pty, Ltd. ("Craigcare"), hereby says as follows:

1.      Defendant is a Lender having its principal place of business at 930 Sylvan Avenue, Suite 110, Englewood Cliffs, New Jersey 07632.

2.      Plaintiff, having an address at 1st Floor, 18-22 Riseley Street, Ardross, WA 6153, Country of Australia, was a prospective Borrower.

3.      Gillett, having an address at 48 Stoneham Road, Attadale, WA 6156 (Western Australia), is the President of Plaintiff and a Guarantor.

4.      Craigcare, having an address at 1st Floor, 18-22 Riseley Street, Ardross, WA 6153

is a Guarantor.

5. On or about July 25, 2010, Plaintiff, as Borrower, Gillett and Craigcare, individually and as Guarantors, and Defendant, as Lender, executed a certain Loan Commitment.

6. The Loan Commitment Agreement provided that upon execution of the Loan Commitment Agreement, Kennedy was entitled to a commitment fee in the sum of $670,000.00, which sum was agreed upon to be earned and non-refundable upon execution of the Loan Commitment.

7. In accordance with the terms of the Loan Commitment, and in consideration of Plaintiff agreeing to the choice of forum clause, waiver of trial by jury clause, and limitation of damages clause, among other things, Defendant agreed to accept the following: $200,000.00 upon signing of the Loan Commitment; and the balance of $470,000.00 to be paid upon closing, or the Borrowers' electing not to proceed to a closing, or upon the Borrowers' default.

8. Upon execution of the Loan Commitment, Plaintiff paid to Defendant the sum of $200,000.00.

9. On August 4, 2010, the time of the essence closing date was extended by agreement to August 27, 2010.

10. On August 31, 2010, the Loan Commitment was again extended by agreement to September 17, 2010.

11. On September 2, 2010, Defendant provided Plaintiff with a Loan Offer in accordance with the terms of the Loan Commitment.

12. On the same date, Plaintiff rejected the Loan Offer and indicated they wished to proceed with a third party appraisal.

13. On or about October 11, 2010, Plaintiff and Defendant agreed upon a third party

appraiser who was retained on or about October 13, 2010.

14. On or about November 19, 2010, the time of the essence closing date was extended by agreement to December 13, 2010.

15. On or about December 14, 2010, Defendant provided Plaintiff with a Revised Loan Offer.

16. On or about January 11, 2010, the time of the essence closing date was extended by agreement from January 11, 2011 to February 8, 2011.

17. On or about February 3, 2011, the time of the essence closing date was extended by agreement from February 8, 2011 to February 28, 2011.

18. On or about February 17, 2011, Defendant provided Plaintiff with a Second Revised Loan Offer which was accepted by Plaintiff on the same date.

19. On or about February 28, 2011, the time of the essence closing date was extended by agreement from February 28, 2011 to March 21, 2011.

20. On or about March 22, 2011, the time of the essence closing date was extended by agreement from March 21, 2011 to March 31, 2011.

21. On or about March 30, 2011, the time of the essence closing date was extended by agreement from March 31, 2011 to April 29, 2011.

22. Thereafter, despite the fact that the Loan Commitment expired by its terms, the Defendant continued to work with the Plaintiff in an effort to close the loan.

23. Despite Defendant's efforts, Plaintiff was unable to satisfy all the conditions necessary to permit the loan to close.

24. As a result of the foregoing, the loan did not close.

25. Based on the foregoing and in accordance with the terms of the Loan

Commitment, the balance of the commitment fee in the sum of $470,000.00 became due.

26.    To date, Plaintiff, Gillett and Craigcare have failed to pay the commitment fee due in accordance with the terms of the Loan Commitment, $470,000.00, which sum remains due and owing.

**WHEREFORE**, Defendant demands judgment, jointly and severally, against Plaintiff, Gillett and Craigcare, in the sum of $470,000.00, together with costs of suit and such other and further relief as the Court may deem appropriate and just.

Dated: March 17, 2014                    JORDAN B. DEFLORA, ESQ.
                                         Attorney for Defendant/Third Party Plaintiff
                                         Kennedy Funding, Inc.


                                         BY: _____
                                             Jordan B. DeFlora, Esq.


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2


I hereby certify, pursuant to Local Civil Rule 11.2, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action pending in any Court or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 17, 2014                    JORDAN B. DEFLORA, ESQ.
                                         Attorney for Defendant/Third Party Plaintiff
                                         Kennedy Funding, Inc.


                                         BY: _____
                                             Jordan B. DeFlora, Esq.